**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ROBERT CRAIG MACLEOD,

    Plaintiff,

v.                                                 Case No. 3:14-cv-823-J-32JRK

GOVERNOR RICK SCOTT et al.,

    Defendants.

## O R D E R

This case is before the Court on pro se plaintiff's Motions for Reconsideration (Doc. 12; Doc. 22), Motions for Leave to File Verified Amended Complaint (Doc. 13; Doc. 23), Motion for Oral Argument (Doc. 14), Motion for Service of Summons (Doc. 19), and a Motion requesting the undersigned be recused (Doc. 17). Macleod originally filed suit under 42 U.S.C. § 1983 seeking to have this federal court compel certain state officers to protect his rights to a trial by jury. (Doc. 1). Now Macleod further contends he has not had an adequate opportunity to plead his constitutional claims in state court, and seeks to invoke this Court's jurisdiction as a remedy. (Docs. 12, 22).

    **I.    MOTION TO RECUSE**

The Court first takes up Macleod's motion requesting that the undersigned recuse himself, contending that the undersigned has an extrajudicial prejudice against pro se parties because "the plaintiff is poor without means for professional representation" (Doc. 17 at 1, 7, 8), the undersigned's earlier Order allegedly purports

Macleod to be a "liar" (Doc. 17 at 6 (internal quotes omitted)), the undersigned is biased because plaintiff has filed multiple cases as a pro se litigant (Doc. 17 at 7), and the undersigned demonstrates "a complete lack of cognizance of plaintiff's pleaded facts." (Doc. 17 at 8).

Macleod's motion seeks relief pursuant to 28 U.S.C. § 455(a). Under § 455(a), a judge of this Court "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard under § 455 "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003) (quotation and citation omitted).

"A charge of partiality must be supported by some factual basis . . . . Recusal cannot be based on unsupported, irrational or highly tenuous speculation." United States v. Cerceda, 188 F.3d 1291, 1293 (11th Cir. 1999) (quotation and citation omitted). Thus, "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation. [Otherwise], the price of maintaining the purity of the appearance of justice would be the power of litigants or third parties to exercise a veto over the assignment of judges." United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986). "Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion. The judge's bias must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." McWhorter v. City of

2

Birmingham, 906 F.2d 674, 678 (11th Cir. 1990) (citation omitted).  "An exception to this general rule occurs when the movant demonstrates 'pervasive bias and prejudice.'"  Id. (citation omitted).

Nearly all of Macleod's allegations relate to the undersigned's judicial rulings and are not therefore a basis for recusal.  See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion").  Macleod contends that this Court's Order of dismissal showed a lack of understanding of the law and "ignores and does not mention the pleaded facts . . . ."  (Doc. 17 at 1-2).  While Macleod has attempted to paint a picture of pervasive bias and prejudice (such as by suggesting bias because Macleod is "poor without means for professional representation"), his attempts would not convince an "objective, disinterested, lay observer fully informed of the facts" that there is any basis for "significant doubt" about the undersigned's impartiality.  McWhorter, 906 F.2d at 678 (quotation and citation omitted).  Macleod's motion to recuse is therefore denied.

## II.  MOTION FOR RECONSIDERATION

Plaintiff asks for relief from the Court's Order of dismissal pursuant to Fed. R. Civ. P. 60(b)(3) which provides for relief from "fraud . . . , misrepresentation, or misconduct by an opposing party."  Fed. R. Civ. P. 60(b)(3).  This is a heavy burden to prove, as the standard is by "clear and convincing evidence."  Cox Nuclear Pharmacy, Inc. v. CTI, Inc., 478 F.3d 1303, 1314 (11th Cir. 2007).  Additionally, Macleod must show that the alleged conduct in question prevented him from "fully and fairly presenting his case or defense."  Id.  Here, the Court dismissed the case

3

before any defendant was served and thus the case is clearly free from "fraud . . . , misrepresentation, or misconduct <u>by an opposing party</u>." Fed. R. Civ. P. 60(b)(3) (emphasis supplied).

However, it appears that Macleod seeks to have this Court grant his motion based on the allegation that the state court denied him the opportunity to have his constitutional complaint heard. (Doc. 1 at 3; <u>see</u> Docs. 12, 22). As this Court has already explained in this case (Doc. 11) and in several of Macleod's related cases,[1] this Court has no jurisdiction to intervene in procedures of the state court. This Court cannot interfere with pending "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." <u>Sprint Commc'ns, Inc. v. Jacobs</u>, 134 S. Ct. 584, 591 (2013) (citation omitted). Furthermore, under the <u>Rooker-Feldman</u> abstention doctrine, this Court lacks jurisdiction to review orders once the case concludes. <u>Casale v. Tillman</u>, 558 F.3d 1258, 1260 (11th Cir. 2009) (citing <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462, 482 (1983)). However, as noted by Macleod, the <u>Rooker-Feldman</u> abstention doctrine only applies "where the plaintiff had a reasonable opportunity to raise his federal claim in state proceedings. Where the plaintiff has had no such opportunity, he cannot fairly be said to have failed to raise the issue." <u>Wood v. Orange County</u>, 715 F.2d 1543, 1547 (1983) (internal quotes omitted).

In Macleod's complaint, Macleod sought to have this court compel certain state

---

[1] <u>See</u> 3:14-cv-753-TJC-32JBT, Docs. 10, 14; 13; 3:14-cv-806-TJC-32JBT, Doc. 11; 3:14-cv-830-J-32JBT, Docs. 13, 25.

4

officers to protect his rights to a fair trial, including a trial by jury, stating he had not had an adequate opportunity to have his claims heard. Now Macleod's primary contention is that the state court "prohibited" and "barred" him from filing at all. (Doc. 22 at 1; Doc. 12 at 2). Under Wood, this Court finds that Macleod did have an opportunity to raise the issue at the trial level.[2] Therefore, this Court has no jurisdiction under the Rooker-Feldman abstention doctrine, and the Court finds no valid basis for granting Macleod relief from the Court's prior Order. Because the Court denies Macleod's Motions for Reconsideration, all other motions are moot.

**ORDERED:**

1. Plaintiff's Motion to disqualify the undersigned (Doc. 17) is **DENIED**.

2. Plaintiff's Motions for Reconsideration (Docs. 12, 22) are **DENIED**.

3. Plaintiff's Motions to File an Amended Complaint (Docs. 13, 23) are **DENIED**.

4. Plaintiff's Motion for Oral Argument (Doc. 14) is **DENIED**.

5. Plaintiff's Motion to Demand Service of Summons (Doc. 19) is **DENIED**.

6. The file is to remain closed.

---

[2] On May 13, 2013, on order was entered declaring Macleod a vexatious litigant in the Seventh Judicial Circuit and in any county Court within the circuit. 3:13-cv-606-MMH-JBT, Doc. 17-3 (Order Declaring Plaintiff Vexatious). The Order required—among other things—that Macleod obtain counsel and pay filing fees before filing any further pleadings. Id. The Order prohibited Macleod from filing any future cases and continuing any ongoing cases as a pro se litigant pursuant to section 68.093, Florida Statutes 2011. Id. While the Order placed restrictions on Macleod, it did not prohibit or bar him from seeking relief in the state court.

5

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of November, 2014.

*[signature]*
TIMOTHY J. CORRIGAN
United States District Judge

cg.
Copies to:
Pro se Plaintiff